IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 04-CR-517B

UNITED STATES OF AMERICA,

Plaintiff,

Crim.No. 05-317

v.

1. NICKELLI LYNETTE KELLY,

Defendant.

INDICTMENT
18 U.S.C. § 1343 [Wire Fraud];
18 U.S.C. § 2 [Causing Acts To Be Done]

FILED
AUG 2 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Grand Jury charges:

## INTRODUCTORY ALLEGATIONS

At all times pertinent to this Indictment:

1. The National Renewable Energy Laboratory ("NREL") was an agency within the United States Department of Energy ("DOE"), and had its main administrative center in Golden, Colorado. NREL's Golden center was responsible for receiving and processing payments and reimbursements for expenditures made on NREL's behalf. NREL also had offices at 409 12th Street SW, Washington, D.C., and later at 901 D Street, Washington, D.C.

2. The defendant, NICKELLI LYNETTE KELLY was an administrative assistant for NREL at its Washington, D.C. office. Defendant KELLY's responsibilities included making purchases required for NREL projects using her government purchase card, and then seeking

1

reimbursement for authorized NREL purchases by submitting "bankcard ordering logs" and supporting documentation to NREL's administrative center in Golden, Colorado.

3. Bernard Miller was the President and owner of Miller Copying Service, which was located at 1111 7th Street NW, Washington, D.C.

4. These Introductory Allegations are incorporated by this reference into each count of this indictment as though set forth fully therein.

## COUNTS ONE THROUGH TEN
[18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 2 (Causing Acts)]

I. THE SCHEME TO DEFRAUD

5. Beginning in or about April 2000 and continuing to in or about April 2002, the defendant, NICKELLI LYNETTE KELLY knowingly devised a scheme to defraud and to obtain money from the United States government by means of materially false and fraudulent pretenses, representations and promises.

6. The scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises operated in the following manner:

a. As part of the scheme to defraud, defendant KELLY and Bernard Miller agreed to overcharge and defraud NREL and to share the proceeds of their fraud.

b. As part of the scheme to defraud, defendant KELLY would initiate a request to Bernard Miller for a fraudulent NREL copying job by either telephoning or sending a request via facsimile transmission to Miller Copying Service.

c. As part of the scheme to defraud, Bernard Miller would then prepare a "Miller Copying Service" invoice for the fraudulent NREL copying job in the amount defendant KELLY directed.

2

d. As part of the scheme to defraud, defendant KELLY would supply Bernard Miller with a government purchase card number, which was either the card number assigned to defendant KELLY or a card number assigned to another NREL employee, to which Bernard Miller was to charge the fraudulent NREL copying job.

e. As part of the scheme to defraud, Bernard Miller would then charge the cost of the fraudulent copy job to the government purchase card number that defendant KELLY provided to him, which would then cause payment from the United States government to Bernard Miller's bank account.

f. As part of the scheme to defraud, Bernard Miller would receive the monies from the fraudulent NREL copy jobs into his account at Riggs Bank, and would then withdraw cash from his bank account, meet defendant KELLY, and pay defendant KELLY her share.

g. As part of the scheme to defraud, defendant KELLY would complete the necessary paperwork to facilitate reimbursement for the fraudulent copying jobs on the government purchase card by: (i) falsely completing a "Bankcard Ordering Log" indicating that the copying jobs performed by Bernard Miller were required for certain NREL projects; (ii) submitting a copy of her monthly statement for her government purchase card; (iii) submitting copies of the Miller Copying Service invoices for the fraudulent NREL copying transactions as supporting documentation; and (iv) sending these documents to NREL's center in Golden, Colorado.

h. As part of the scheme to defraud, defendant KELLY submitted documentation to NREL for reimbursements relating to fraudulent copying jobs in a total amount of approximately $126,175.

## II. USE OF THE WIRES

7. On or about the dates listed below, in the State and District of Colorado and elsewhere, defendant NICKELLI LYNETTE KELLY, for the purpose of executing the scheme to defraud or to obtain money described in ¶¶ 5-6, above, which are incorporated herein by reference, caused writings, signs, signals or pictures to be transmitted by means of wire communication in interstate commerce from Washington, D.C. to Colorado as follows:

| COUNT | DATE | WIRE TRANSMISSION |
|---|---|---|
| 1 | 7/17/00 | Reimbursement submission, including Kelly Bankcard Ordering Log and Miller Copying Service Invoice for $1,390 |
| 2 | 11/15/00 | Reimbursement submission, including Kelly Bankcard Ordering Log, for $980 |
| 3 | 12/15/00 | Reimbursement submission, including Kelly Bankcard Ordering Log and Miller Copying Service Invoice for $1,187 |
| 4 | 9/14/01 | Reimbursement submission, including Plympton Bankcard Ordering Log and Miller Copying Service Invoice for $1,473 |
| 5 | 9/18/01 | Reimbursement submission, including Plympton Bankcard Ordering Log and Miller Copying Service Invoices totaling $3,998 |
| 6 | 12/13/01 | Reimbursement submission, including Kelly Bankcard Ordering Log and Miller Copying Service Invoice for $3,038 |
| 7 | 1/14/02 | Reimbursement submission, including Plympton Bankcard Ordering Log and Miller Copying Service Invoice for $3,019 |
| 8 | 2/12/02 | Reimbursement submission, including Kelly Bankcard Ordering Log and Miller Copying Service Invoice for $2,718 |
| 9 | 2/12/02 | Reimbursement submission, including Plympton Bankcard Ordering Log and Miller Copying Service Invoices totaling $4,000 |

| | | |
|---|---|---|
| 10 | 3/31/02 | Reimbursement submission, including Plympton Bankcard Ordering Log and Miller Copying Service Invoice for $2,436 |

8. Each of the foregoing counts was in violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL

Foreperson

JOHN W. SUTHERS
United States Attorney

by: Patricia W. Davies
Assistant United States Attorney

I, the undersigned, Clerk of the United States District Court for the District of Colorado, do certify that the foregoing is a true copy of an original document remaining on file and record in my office.
WITNESS my hand and SEAL of said Court this 22 day of August 2005
GREGORY C. LANGHAM
By _____ Deputy





RECEIVED
AUG 2 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT