

U.S. Department of Justice

**William J. Leone**

*Acting United States Attorney*
*District of Colorado*

---

*1225 Seventeenth Street, Suite 700*     (303) 454-0100
*Seventeenth Street Plaza*     (FAX) (303) 454-0400
*Denver, Colorado 80202*

June 1, 2005            **Via Facsimile and Hand Delivery**

Ann England, Esq.
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado 80202

**FILED**

**FEB 0 9 2006**

CR: 05-317

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: <u>United States v. Nickelli Lynette Kelly, 04-CR-517-B</u>

Dear Ms. England:

This letter sets forth the full and complete plea offer to your client, Nickelli Lynette Kelly. This offer is binding only upon the Criminal Divisions of the United States Attorney's Offices for the District of Colorado and the District of Columbia (hereafter "the government" or "the USAOs"). This plea offer will expire on June 10, 2005. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

     1.     **Charges**: Ms. Kelly agrees to plead guilty to Counts 5 and 10 of the Indictment, charging violations of 18 U.S.C. §§ 1343 (Wire Fraud) and 2 (Causing Acts To Be Done). It is understood that the guilty pleas will be based on a factual admission of guilt to the offenses charged, to be made before the Court by Ms. Kelly, and will be entered in accordance with Federal Rule of Criminal Procedure 11. Ms. Kelly agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Kelly's actions and involvement in the offense. It is anticipated that contemporaneous with the execution of this plea letter, Ms. Kelly will adopt and sign the "Statement of Offense" as a written proffer of evidence.

     2.     **<u>Potential penalties, assessments, and restitution</u>**: Ms. Kelly understands that the maximum sentence that can be imposed for each count of conviction is 5 years of imprisonment,[1] a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of

---

[1] By statute enacted July 30, 2002, the statutory maximum penalty for violations of 18 U.S.C. § 1343 (wire fraud) were increased to 20 years incarceration or $2,000,000 fine, or both. However, due to the dates of Ms. Kelly's offense conduct and *ex post facto* considerations, the parties believe that the relevant statutory maximum penalties described above (*i.e.*, 5 years incarceration, etc.) will apply to this case.

restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Kelly understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2004) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Ms. Kelly understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Ms. Kelly further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to her, she cannot move to withdraw her guilty plea.

3. **Federal Sentencing Guidelines**: The parties agree that the following Sentencing Guideline Sections apply:

§ 2B1.1

(a) Base Offense Level                              6
(b) Specific Offense Characteristics               10

Loss between $120,000 and $200,000;
No other victim, or role related adjustments

Total Offense Level =                              16

§ 3E1.1(b)

Acceptance of responsibility                      - 3
Total Adjusted Offense Level =                    13

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Kelly in this case. In the event that this plea offer is either not accepted by Ms. Kelly or is accepted by Ms. Kelly but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements**: Ms. Kelly agrees that prior to or at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $200.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Ms. Kelly also agrees to pay restitution in the amount of $126,175.00, as to which amount Ms. Kelly may be jointly and severally liable with Mr. Bernard Miller. Ms. Kelly also agrees to provide a full and complete accounting of all assets, real or

tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Waiver of Rights**: Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Ms. Kelly expressly warrants that she has discussed these rules with her counsel and understands them. Ms. Kelly voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Ms. Kelly understands and agrees that any statements she makes in the course of her guilty pleas or in connection with this plea agreement are admissible against her for any purpose in any criminal or civil proceeding, if the guilty pleas are subsequently withdrawn.

6. **Government Concessions**: In exchange for her guilty plea, the government agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), provided that Ms. Kelly continues to show her acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court. Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Ms. Kelly in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Ms. Kelly does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Kelly.

7. **Rule 20 Transfer**: The parties anticipate that Ms. Kelly will request, and the government will seek to facilitate, the transfer of this case from the District of Colorado to the District of Columbia for the purposes of plea disposition and sentencing, pursuant to Federal Rule of Criminal Procedure 20.

8. **Bond Conditions**: Ms. Kelly understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding her bond status or detention will be made by the Court. The Court's decision in these regards is not grounds for withdrawal from this agreement.

9. **Reservation of Allocution**: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Ms. Kelly's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10.     **Waiver of Appeal:** Ms. Kelly is aware that federal law, specifically 18 U.S.C. § 3742, affords her the right to appeal her sentence. Ms. Kelly is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on her and is not binding on the Court. Knowing that, Ms. Kelly waives the right to appeal her sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences Ms. Kelly to a period of imprisonment longer than the statutory maximum or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K2, or otherwise imposes a sentence higher than the applicable Sentencing Guideline range as determined by the Court. Further, Ms. Kelly reserves her right to make a collateral attack upon her sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to her. In agreeing to this waiver, Ms. Kelly is aware that her sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, Ms. Kelly knowingly and willingly waives her right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the government in this agreement. See In re Sealed Case, 283 F.3d 349, 355 (D.C. Cir.), cert. denied, 537 U.S. 891 (2002).

11.     **Breach of Agreement:** Ms. Kelly agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, and/or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. Moreover, if during an investigation or prosecution Ms. Kelly should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the government may prosecute her for these offenses to the fullest extent provided by law. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Ms. Kelly's release (for example, should Ms. Kelly commit any conduct after the date of this agreement that would form the basis for an increase in Ms. Kelly's offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Kelly will not have the right to move to withdraw the guilty plea; (c) Ms. Kelly shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Ms. Kelly, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

In the event of a dispute as to whether Ms. Kelly has breached this agreement, and if Ms. Kelly so requests, the matter shall be submitted to the Court and shall be resolved by the Court in

an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

12. **USAOs Criminal Divisions Bound**: Ms. Kelly understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the Districts of Colorado and Columbia. This agreement does not bind the Civil Division of these Offices or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Kelly.

13. **Complete Agreement**: No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Kelly, Ms. Kelly's counsel, and an Assistant United States Attorney for the District of Columbia and the District of Colorado.

If the foregoing terms and conditions are satisfactory, Ms. Kelly may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Kelly and her counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
ANTHONY M. ALEXIS
Assistant United States Attorney


WILLIAM J. LEONE
ACTING UNITED STATES ATTORNEY
DISTRICT OF COLORADO

By: _____
PATRICIA W. DAVIES
ASSISTANT U. S. ATTORNEY

I have read this plea agreement, consisting of __6__ pages, and have discussed it with my attorney, Ann England, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: __8/16/05__

_____
NICKELLI LYNETTE KELLY
DEFENDANT

I have read each of the __6__ pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: __8/17/05__

_____
JANINE YUNKER, ESQUIRE
ATTORNEY FOR THE DEFENDANT