UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>v. )<br>)<br>NICKELLI LYNETTE KELLY, )<br>Defendant. )<br>) | CR. No. 05-cr-317 |

FILED

FEB 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge by the Honorable Ricardo M. Urbina for the acceptance of a plea to Counts 5 and 10 of an Indictment, charging violations of 18 U.S.C. §§ 1343 (Wire Fraud) and 2 (Causing Acts to be Done).

Hearing on Plea

The Defendant, Nickelli Lynette Kelly, came before the Court on February 9, 2006, represented by counsel, Janine Yunker. The Government was represented by Assistant United States Attorney Jesse Liu. For the record, Defendant, Defendant's counsel and Government counsel consented to proceed before the undersigned United States Magistrate Judge, for the purpose of conducting the plea colloquy and accepting the plea. The Court placed Ms. Kelly under oath and ascertained that she was competent to enter a plea to the two counts of the Indictment, and the Court then proceeded to explain the nature of the charge to which the plea was being offered.

The Court followed Rule 11 of the Federal Rules of Criminal Procedure, advising the Defendant of the maximum possible penalty provided by law and ascertaining her awareness of the Sentencing Guidelines and the fact that such Guidelines are no longer mandatory, but should

be considered by the sentencing court. The Defendant acknowledged that she wished to waive her right to a jury trial before a United States District Court Judge and that by entering a plea of guilty, which, if accepted by the District Court, would waive her right to appeal a judgment of guilt. Defendant acknowledged that she was waiving her constitutional right not to incriminate herself. The Defendant indicated that the terms and conditions contained in the plea agreement, which was filed and made part of the record in this case, accurately reflected the agreement between herself, her counsel, and the United States and that no other promises, other than what was contained in the plea agreement, had been made to her in order to secure her plea of guilty in this case. Defendant acknowledged that she committed wire fraud and caused certain illegal acts to be done.

The Court found, after advising the Defendant of her rights, Ms. Kelly's plea of guilty to the Counts 5 and 10 of the Indictment was voluntarily and knowingly made and that her admissions of guilt encompassed each of the elements of the offenses charged in those counts.

## Recommendation

The undersigned recommends that the trial court accept Ms. Kelly's plea of guilty based upon this Court's finding that the plea of guilty was knowingly and voluntarily made by Ms. Kelly, who was found to be competent and that she fully understood the nature and the consequences of entering such a plea. Following the entry of the plea of guilty, the Court directed that the Defendant be continued on personal recognizance. Sentencing is set for August 1, 2006, at 10:30 a.m. before the Honorable Ricardo M. Urbina.

February 10, 2006

ALAN KAY
UNITED STATES MAGISTRATE JUDGE