

**U.S. Department of Justice**

*John W. Suthers*

*United States Attorney*
*District of Colorado*

*Patricia Davies*
*Assistant United States Attorney*
*(303) 454-0100*
*FAX 454-0402*

*Seventeenth Street Plaza*
*1225 Seventeenth Street, Suite 700*
*Denver, Colorado 80202*

December 7, 2004

**Via Facsimile**

J. Michael Hannon, Esq.
Thompson, O'Donnell, Markham, Norton & Hannon
1212 New York Avenue N.W., Suite 1000
Washington, D.C. 20005

Re: <u>Bernard Miller</u>

Dear Mr. Hannon:

This letter sets forth the full and complete plea offer to your client, Bernard Miller. This offer is binding only upon the Criminal Divisions of the United States Attorney's Offices for the District of Colorado and the District of Columbia (hereafter "the government" or "the USAOs"). This plea offer will expire on December 10, 2004. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Mr. Miller agrees to waive indictment and to plead guilty to a single count information charging a violation of 18 U.S.C. § 287 (False and Fraudulent Claims to the Government). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged, to be made before the Court by Mr. Miller, and will be entered in accordance with Federal Rule of Criminal Procedure 11. Mr. Miller agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Miller's actions and involvement in the offense. Prior to the Rule 11 plea hearing, Mr. Miller will sign the "Statement of Offense," and at the Rule 11 plea hearing, Mr. Miller will adopt the "Statement of the Offense" as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution:** Mr. Miller understands that the maximum sentence that can be imposed is 5 years of imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Miller understands that the sentence to be imposed in this case will be determined in accordance with the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u> (2004) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Miller understands that this sentence, including the applicable

1

sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations, or predictions regarding what sentence the Court will impose. Mr. Miller further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot move to withdraw his guilty plea. This does not, however, limit Mr. Miller's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines**: The parties agree that the following Sentencing Guideline Sections apply:

§ 2.B1.1

(a) Base Offense Level                                            6
(b) Specific Offense Characteristics                              8

Loss between $70,000 and $120,000;
No other victim, or role related adjustments

Total Offense Level =                                            14

§ 3E1.1

Acceptance of responsibility                                     -2
Total Adjusted Offense Level =                                   12

The parties agree not to seek any adjustments or departures from the total offense level set forth above, except as provided in ¶ 6, below. In the event that this plea offer is either not accepted by Mr. Miller or is accepted by Mr. Miller but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein. Mr. Miller specifically agrees to waive any argument that he has a right to have a jury make the factual findings necessary to determine the level of sentencing adjustments, enhancements or departures used to compute his ultimate offense level and sentence. Your client further agrees: (a) that such factual findings will be made by the court at sentencing by a preponderance of the evidence; (b) that the court may consider any reliable evidence, including hearsay; and (c) that all constitutional challenges to the validity of the Sentencing Guidelines are waived.

4. **Financial Arrangements**: Mr. Miller agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Mr. Miller also agrees to provide a full and complete accounting

of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

     5.    **Cooperation:** Mr. Miller agrees to cooperate completely, candidly, and truthfully in the investigation by the USAO-Colorado and federal, state, and local law enforcement agencies. Specifically, Mr. Miller agrees:

    a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

    b. to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

    c. to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    e. not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

    f. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

    g. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly;

    h. to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

     6.    **Government Concessions:** In exchange for his guilty plea, the government agrees (a) not to oppose Mr. Miller's release pending sentencing; (b) not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; and (c) not to oppose Mr. Miller's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Miller continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (i) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (ii) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (iii) complying with the

other provisions of this agreement; and (iv) abiding by the conditions set for his release by the Court.

Further, in exchange for Mr. Miller's guilty plea and, so long as defendant has provided truthful and candid cooperation as outlined in ¶ 5, above, at the time of defendant's sentencing, the government will advise the Court of defendant's cooperation. The government, in its sole discretion based upon its evaluation of defendant's cooperation, will determine whether defendant's cooperation warrants a motion pursuant to U.S.S.G. § 5K1.1. At this time, the government is not aware of any information that militates against the government bringing such a motion under § 5K1.1. The government is aware that, if it moves for a downward departure under Section 5K1.1, Mr. Miller may argue that the degree and substance of his cooperation merits a greater degree of departure than that recommended by the government.

Also, subject to other paragraphs in this agreement, the government will not bring any additional criminal charges against Mr. Miller in the United States District Court for the District of Columbia or District of Colorado for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Miller does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Miller.

The government is aware that Mr. Miller intends to bring to the attention of the Court at the time of sentencing that his actual financial benefit from the scheme was less than $60,000.

7. **Rule 20 Transfer**: The parties anticipate that Mr. Miller will request, and the government will seek to facilitate, the transfer of this case from the District of Colorado to the District of Columbia for the purposes of plea disposition and sentencing, pursuant to Federal Rule of Criminal Procedure 20. The parties' plea agreement is conditioned on this matter being transferred to the District of Columbia pursuant to Rule 20. In the event that a Rule 20 transfer does not occur, neither party is bound by this agreement.

8. **Bond Conditions**: Mr. Miller understands that the Court is not obligated to follow any recommendation of the government regarding bond status and that the final decision regarding his bond status or detention will be made by the Court. The Court's decision in these regards is not grounds for withdrawal from this agreement.

9. **Reservation of Allocution**: The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Miller's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Breach of Agreement:** Mr. Miller agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the government will have the right to characterize such conduct as a breach of this plea agreement. In the event of a breach of this agreement, (a) the government will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Miller release (for example, should Mr. Miller commit any conduct after the date of this agreement that would form the basis for an increase in Mr. Miller offense level or justify an upward departure -- examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, a probation officer, or Court -- the government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Miller will not have the right to move to withdraw the guilty plea; (c) Mr. Miller shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including but not limited to perjury and obstruction of justice; and (d) the government will be free to use against Mr. Miller, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Miller has breached this agreement, and if Mr. Miller so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

11. **Waiver of Appeal:** Mr. Miller is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. Mr. Miller is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Court. Knowing that, Mr. Miller waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences Mr. Miller to a period of imprisonment longer than the statutory maximum of 5 years, as codified at 18 U.S.C. § 2314 or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K2. Further, Mr. Miller reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him. In agreeing to this waiver, Mr. Miller is aware that his sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, Mr. Miller knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the government in this

agreement. See In re Sealed Case, 283 F.3d 349, 355 (D.C. Cir.), cert. denied, 537 U.S. 891 (2002).

12. **USAOs Criminal Divisions Bound**: Mr. Miller understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the Districts of Colorado and Columbia. This agreement does not bind the Civil Division of these Offices or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Miller.

13. **Complete Agreement**: No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Miller, Mr. Miller's counsel, and an Assistant United States Attorney for the District of Columbia and the District of Colorado.

If the foregoing terms and conditions are satisfactory, Mr. Miller may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Miller and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: ANTHONY M. ALEXIS
Assistant United States Attorney

JOHN W. SUTHERS
UNITED STATES ATTORNEY
DISTRICT OF COLORADO

By: PATRICIA W. DAVIES
ASSISTANT U. S. ATTORNEY

I have read this plea agreement, consisting of ____ pages, and have discussed it with my attorney, H. Michael Hannon, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 12/14/04

Bernard Miller
Defendant

I have read each of the ____ pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: December 14, 2004.

J. Michael Hannon, Esquire
Attorney for the Defendant